# MAY, 1925.

### C. A. Skirlock v. The State.

No. 9042.    Delivered May 13, 1925.

Rehearing granted, June 24, 1925.

1.—Burglary—Evidence—Properly Admitted.

Where on a trial for burglary, a codefendant testifying, was asked "What did you have in the car" to which she replied "We had the stuff we had gotten from Mr. Farrows house" meaning thereby the stolen property, such testimony was properly admitted. See Robbins v. State, recently decided.

**2.—Same—Statements of Defendant—Not Under Arrest—Admissible.**

Appellant complains of the testimony of the deputy sheriff who testified that appellant told him the bed in the room where some of the stolen goods were found was his bed. The bill does not state as a fact that appellant was under arrest at the time the statement was made, and as persented it shows no error.

**3.—Same—Argument of Counsel—Invited by Appellant—Not Improper.**

Where the state's attorney in his argument stated that he would not try Viola King until these cases are tried, and disposed of, such statement being in answer to appellant's counsel in which he said that in his opinion Viola King would never be tried, no error is presented.

**4.—Same—Argument of Counsel—Held, Proper.**

Appellant complains of the argument of counsel for the state in which he declared that the record shows that the defendant led an expedition of crime in this county. Such argument was a proper comment on the facts in evidence, and present no error.

**5.—Same—Argument of Counsel—Bill of Exception—Incomplete.**

Where complaint is made of the argument of state's attorney, in which he stated to the jury that the defendant was responsible for the jury not having before them a written statement of Viola King, and the bill fails to show what the written statement contained, no error is shown.

**6.—Same—Accomplice Testimony—Sufficiently Corroborated.**

The accomplice Viola King, the prosecuting witness for the State, was not without sufficient corroboration of her testimony, and being ample to sustain the conviction, the judgment will be affirmed.

ON REHEARING

**7.—Same—Evidence—Statements of Accused—Improperly Admitted.**

Upon a careful re-examination of the record we have reached the conclusive that we were in error in our original opinion in holding that appellant's bill of exception complaining of statements made by appellant to the deputy sheriff, were not made while under arrest. Said statements were as to a vital circumstance against appellant, and as we now hold, having been made while under arrest, for the error in admitting them, the motion for rehearing is granted and the cause reversed.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of burglary; penalty, three years in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Jones County for the offense of burglary and his punishment assessed at three years confinement in the penitentiary.

The State's testimony shows that appellant acting with Viola May King and A. C. Williams, broke into and entered a house occupied by J. W. Pritchett and stole divers articles of value therefrom.

Bill of exceptions No. Two complains that the State asked Viola May King, while testifying for the State, the following question; "What did you have in the car?", and also complains of her answer "We had the stuff we had gotten from Mr. Farrow's house." This bill shows nothing more about what was meant or understood by witness with reference to the stuff gotten from Farrow's house. If there was any reason why the statement was not admissible, the bill fails to show it. Robbins v. State, recently decided and not yet reported, and the authorities there cited.

Bills Nos. Three and Four, raise the same question in a different form as is raised by bill No. Two, and we make the same observations with reference thereto.

Bill No. Five complains because the court permitted the deputy sheriff to say appellant told him it was his bed in the room where some of the stolen goods were found. This bill does not state as a fact that appellant was under arrest when the statement was made and as presented it shows no error.

Bill No. Seven complains at the statement of the district attorney to the effect "I shall not try Viola May King until all these cases have been tried and disposed of." The bill on its face shows that this argument was in reply to the argument of counsel for appellant in which he said that in his opinion Viola May King would never be tried. This bill fails to show that there was no testimony to the effect that other cases were pending against these parties, and the argument seems to us to be a pertinent reply to that of appellant's counsel. It is manifest from the entire record that there were cases pending against appellant, Williams and Viola May King, growing out of this same transaction, and we cannot think the jury understood that the district attorney was referring to any other cases than the one on trial and those against his co-defendants. Of course, the language could be given a broader significance, but we hardly feel inclined to hold that State's counsel was forced to reply to appellant's counsel in language so critical and accurate as to be subject to only one construction. To do so would condemn us to the charge of being hypercriticial.

By bill No. Eight, appellant complains that the district attorney told the jury that "the record in this case shows that the defendant led an expedition of crime in this county." If the State's testimony is true, this is exactly what the record shows and the trial court

was overly generous to the appellant in instructing the jury to disregard this argument.

Bill No. Nine, complains of the argument of the district attorney to the effect that defendant was responsible for the jury not having before them a written statement of Viola King. This bill fails to show what the written statement contained and in its absence we can not say that there was error in this matter.

Appellant seriously contends that the facts are insufficient in that there is no corroboration of the accomplice Viola May King. We cannot agree to this contention. The stolen goods were found on the premises occupied by appellant and Williams and King jointly. It was found in different rooms in the house. According to the arresting officer, appellant went with him upstairs and there appellant got a gun and tried to escape. It occurs to us that all these circumstances constitute some testimony tending to connect appellant with the offense charged.

Finding no error in the record, it is our opinion that the judgment should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—The appellant contends in his motion for rehearing that we were in error in concluding that appellant's bill of exceptions No. 5, does not state as a fact that he was under arrest when the statement complained of in said bill was made.

We have again carefully considered this bill and have reached the conclusion that we were in error in this particular. The bill shows that Britton, the city marshal of Hamlin, testified that on the night of October 22, 1923, that he together with sheriff Birdwell and Deputy Stone searched a certain house on the Stovall farm jointly occupied by defendant and A. C. Williams and Viola May King, and further testified "that a number of the alleged articles stolen from the J. B. Jones residence was found in a certain trunk in the upstairs room of said building, and that immediately thereafter defendant was arrested by said officers." The bill then states that the question objected to was propounded to the witness Britton at this point. On a more mature consideration of the question we have concluded that a reasonable conclusion to be drawn from this bill is that the appellant was under arrest at the time the statement objected to was made. This testimony being a vital circumstance against the appellant in the case and the issues being very sharply

drawn as to the appellant's guilt, we think that its admission was harmful to the appellant and is of such nature as to require a reversal of the case.

It is therefore our opinion that the motion for rehearing should be granted and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.